22-2756-cv
*Balogun v. N.Y. State Div. of Hum. Rts.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Dec 27 2023

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of December, two thousand twenty-three.

PRESENT:
    GERARD E. LYNCH,
    MICHAEL H. PARK,
    STEVEN J. MENASHI,
    *Circuit Judges.*
_____

Abeeb K. Balogun,

    *Plaintiff-Appellant*,

    v.    22-2756

New York State Division of Human Rights,
Gina Martinez, Elizabeth Ortiz-Feliciano,
Iris Carrasquillo, Marleny Rubio, William
Ploski, Ali Jafri,

    *Defendants-Appellees*.
_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | ABEEB BALOGUN, pro se, Jamaica, NY. |

| | |
|---|---|
| **FOR DEFENDANTS-APPELLEES:** | DAVID LAWRENCE III, Assistant Solicitor General, (Barbara D. Underwood, Solicitor General, Ester Murdukhayeva, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General for the State of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Abeeb Balogun, an attorney proceeding pro se, sued the New York State Division of Human Rights ("Division") under Title VII of the Civil Rights Act of 1964 for discriminating against him on the basis of race, sex, and national origin; creating a hostile work environment; and retaliating against him when he complained about unfair treatment.[1] He also brought a variety of state-law claims against the Division, his supervisors, and coworkers. The district court granted summary judgment to Defendants on all of Balogun's federal claims. It then determined that the Eleventh Amendment barred his state-law claims brought against the individual Defendants in their official

---

[1] Balogun also brought Title VII claims against individuals in their personal capacities. The district court granted summary judgment to the individual defendants because individual supervisors and coworkers (other than the plaintiff's actual employers) are not subject to liability under Title VII. Balogun does not appeal from the district court's grant of summary judgment on those claims.

2

1  capacities and declined to exercise supplemental jurisdiction over the remaining state-law

2  claims.  *See Balogun v. N.Y. State Div. of Hum. Rts.*, No. 20-CV-10484 (LGS), 2022 WL

3  4292704, at *8-9 (S.D.N.Y. Sept. 16, 2022).  Balogun now appeals.  We assume the

4  parties' familiarity with the facts, procedural history, and issues on appeal.

5        We review a grant of summary judgment de novo.  *Garcia v. Hartford Police*

6  *Dep't*, 706 F.3d 120, 126 (2d Cir. 2013).  Summary judgment is appropriate if, after

7  resolving all ambiguities and drawing all inferences against the moving party, "there is no

8  genuine dispute as to any material fact and the [moving party] is entitled to judgment as a

9  matter of law."  *Id.* (internal quotation marks and citation omitted) (quoting Fed. R. Civ.

10 P. 56(a)).  "A fact is material for these purposes when it might affect the outcome of the

11 suit under the governing law," and "[a]n issue of fact is genuine if the evidence is such that

12 a reasonable jury could return a verdict for the nonmoving party."  *Jeffreys v. City of New*

13 *York*, 426 F.3d 549, 553 (2d Cir. 2005) (internal quotation marks and citation omitted).

14 **I.  Title VII Claims**

15       Balogun's claims of discrimination and retaliation under Title VII are evaluated

16 under the familiar *McDonnell Douglas* burden-shifting framework.  *See Vega v.*

17 *Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 82-83 (2d Cir. 2015) (discrimination);

18 *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010) (retaliation).  Under

19 this framework, a plaintiff must demonstrate a prima facie case of discrimination or

20 retaliation, after which the employer must point to a legitimate, nondiscriminatory reason

for the challenged conduct; if the employer does so, the burden shifts back to the plaintiff to prove that "discrimination was the real reason for the employment action." *See Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000); *Vega*, 801 F.3d at 83.

We agree with the district court that Balogun failed to make a prima facie showing of discrimination. Relevant here, the prima facie case requires an adverse employment action under "circumstances [that] give rise to an inference of discrimination." *Vega*, 801 F.3d at 83. Balogun claims that "similarly situated" coworkers of a different race, sex, or national origin were subject to more favorable treatment. *See Graham*, 230 F.3d at 39 ("A plaintiff may raise . . . an inference [of discrimination] by showing that the employer subjected him to disparate treatment, that is, treated him less favorably than a similarly situated employee outside his protected group."). But such comparators must be similarly situated "in all material respects"—they must be "subject to the same performance evaluation and discipline standards" as Balogun and must have engaged in "comparable conduct." *Id.* at 39-40. While Balogun identifies a handful of coworkers who, he claims, completed fewer than 108 cases a year while on probation, that similarity alone is insufficient, as there is no evidence by which a reasonable jury could find that those coworkers shared Balogun's issues with work quality and insubordination.[2] Without a similarly situated comparator, Balogun cannot show circumstances that give rise to an

---

[2] To the extent that Balogun relies on comparisons to nonprobationary employees, they are not subject to the same performance evaluation and discipline standards and thus are not similarly situated.

4

inference of discrimination and so cannot prove his prima facie case. *See Vega*, 801 F.3d at 83.

We also agree with the district court that even assuming Balogun proved his prima facie case, he failed to demonstrate that the nondiscriminatory reasons proffered by the Division for extending his probation and then terminating his employment were a pretext for discrimination. Balogun argues that the Division's assertions that he was fired due to poor work performance and insubordination were pretextual because those charges were false. In particular, Balogun points to perceived irregularities in his performance evaluations which he argues contained false information and unexpectedly turned overly critical at the time his supervisors extended his probation and terminated him. Critically, however, Balogun must establish that discrimination based on a protected characteristic was "at least one of the motivating factors" in the employment decisions. *See Holcomb v. Iona Coll.*, 521 F.3d 130, 138 (2d Cir. 2008) (internal quotation marks and citations omitted). Even if Balogun could refute the charges of inadequate performance, that would not demonstrate that his supervisors did not believe what they asserted, let alone that the *actual* reason for extending his probation or terminating his employment was animus based on a protected characteristic. Accordingly, Balogun is unable to demonstrate pretext for discrimination.

We also affirm as to Balogun's retaliation claim. Title VII protects against retaliation only for "protected activity," which in this context describes opposition to

5

discriminatory employment practices. *See Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 70 (2d Cir. 2015). On this record, no reasonable jury could find that Balogun engaged in protected activity. Although he complained to his supervisors about unfair treatment generally, there is no indication that those complaints were premised on or related to discrimination based on his protected status. *See Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 15 (2d Cir. 2013). Nor is there any indication that the Division understood, or could reasonably have understood, that Balogun's complaints were directed at conduct prohibited by Title VII. *See id.*

Summary judgment was also warranted on Balogun's hostile work environment claim. Balogun contends that Defendants created a hostile work environment by, among other things, sabotaging his work performance, falsifying information on his probation reports, and refusing to transfer him. To begin, Balogun does not establish harassment that was "sufficiently continuous and concerted" to create an objectively hostile work environment "so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions" of Balogun's employment were altered. *Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 101-02 (2d Cir. 2020) (internal quotation marks and citation omitted). Even if he did, allegations of harassment can support a hostile work environment claim only if the harassment "occurred because of [Balogun's] protected status." *Id.* at 102 (internal quotation marks omitted). But, for the same reasons

6

discussed above, Balogun has not established that any of the unfavorable treatment he alleges was based on a protected characteristic.

**II.     State-Law Claims**

First, Balogun has abandoned any challenge to the dismissal of his official-capacity claims by failing to raise the issue in his brief.  *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

Second, as to his individual-capacity claims, we review the district court's decision to decline supplemental jurisdiction for abuse of discretion.  *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016).  Balogun argues that the district court abused its discretion because it failed to consider whether dismissing his claims would upset "the interests of 'judicial economy, convenience, fairness, and comity.'"  Appellant's Br. at 50 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)).  Those values, however, weigh strongly in favor of dismissing Balogun's state-law claims.  We have consistently explained that, "[i]n general, where the federal claims are dismissed before trial, the state claims should be dismissed as well."  *N.Y. Mercantile Exch., Inc. v. Intercontinental Exch., Inc.*, 497 F.3d 109, 119 (2d Cir. 2007) (quoting *Marcus v. AT&T Co.*, 138 F.3d 46, 57 (2d Cir. 1998)).  The district court did not abuse its discretion in following those instructions.

7

1    We have considered Balogun's remaining arguments and find them to be without
2    merit.   Accordingly, we **AFFIRM** the judgment of the district court.
3
4                          FOR THE COURT:
5                          Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

8